IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHAD EVERETTE EASLEY                                                          PETITIONER

v.                                                       Cause No. 5:23-cv-00053-DCB-BWR

WARDEN HERBERT YOUNG                                                         RESPONDENT

## REPORT AND RECOMMENDATION

BEFORE THE COURT is Respondent's Motion to Dismiss [8] and Supplement to Motion to Dismiss [17]. Respondent moves to dismiss pro se Petitioner Chad Everette Easley's 28 U.S.C. §2241 Petition for Writ of Habeas Corpus [1] for failure to state a claim, failure to exhaust state court remedies, and as moot. Having considered Respondent's submissions [8] [11] [17], Easley's submissions [1] [10] [12] [14], the record, and relevant law, the undersigned recommends that the Petition be dismissed with prejudice. Grounds One, Two, and Three of the Petition are moot, and Ground Four fails to state a claim for relief under §2241.

### I. BACKGROUND

Easley was arrested in Pike County, Mississippi, in July 2022 on charges of disorderly conduct, resisting arrest, and possession of methamphetamine with intent to distribute. [8-1] at 1. Easley was in pretrial detention at Pike County Jail when he filed his § 2241 Petition in June 2023. [1] at 6. Easley raised four Grounds in the Petition. He challenged an arresting officer's affidavit (Ground One), the amount of his bond (Ground Two), the length of his pre-indictment detention (Ground Three), and his medical care during pretrial detention (Ground Four). [1] at 6-7. Easley

requested that the Court "reduce [his] bond or release [him] on his personal recognizance" and dismiss his charges. *Id.* at 7.

After filing his Petition, Easley was indicted in August 2023, in the Circuit Court of Pike County, for unlawful possession of at least ten grams but less than thirty grams of methamphetamine with intent to distribute. [17-3] at 1. In March 2024, Easley pleaded guilty and was sentenced to ten years in the custody of the Mississippi Department of Corrections, "TO SERVE THE FIRST TWO (2) YEARS, CREDITED TIME SERVED with THE REMAINING EIGHT YEARS SUSPENDED and placed on FIVE (5) YEARS post release supervision[.]" [17-10] at 1. Easley's misdemeanor charges for disorderly conduct and resisting arrest remain pending in the Justice Court of Pike County, but Easley is not in pretrial detention on those charges. [17] at 3 n. 1. He filed changes of address indicating that he is no longer incarcerated. [14] at 2, [15] at 1.

## II. DISCUSSION

A state pretrial detainee is entitled, in some circumstances, to raise constitutional claims concerning the fact or duration of his detention in a habeas petition filed under 28 U.S.C. § 2241. *See Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). A pretrial detainee's § 2241 petition is rendered moot "when the court cannot grant the relief requested by the moving party." *Salgado v. Fed. Bureau of Prisons*, 220 F. App'x 256, 257 (5th Cir. 2007); *see Fassler v. United States*, 858 F.2d 1016, 1018 (5th Cir. 1988) (habeas petition challenging the legality of pretrial detention rendered moot by conviction on pending charges).

2

Easley pleaded guilty to the drug charge for which he was detained, mooting his claim in Ground One, which challenged the arresting officer's affidavit. Easley is no longer a pretrial detainee subject to pretrial bond, mooting his claim in Ground Two for a reduction in bond. Easley was indicted and convicted after filing his Petition, mooting Ground Three, which sought to force the state to reach a speedier conclusion as to whether he would be indicted. Easley's claims were limited to challenges to his pretrial detention, and Easley has been released from custody. The relief sought in the Petition – reduction of bond and release – are now unavailable. Grounds One, Two, and Three should be dismissed with prejudice as moot.

In Ground Four, Easley complains about his medical care during pretrial detention. This claim is a challenge to the conditions of Easley's pretrial detention, not the fact of it, and is a claim properly brought pursuant to 42 U.S.C. § 1983. *See Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007) ("allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions"). Easley is pursuing his conditions of confinement claim about medical care in a separate §1983 action that was filed before this action commenced. *See Easley v. Brumfield et al.*, 5:23-cv-24-DCB-BWR (S.D. Miss. filed Mar. 31, 2023). Ground Four should be dismissed in this suit because it fails to state a cognizable claim for §2241 relief.

## III. RECOMMENDATION

Respondent's Motion to Dismiss [8] and Supplement to Motion to Dismiss [17] should be granted. Easley's Petition [1] should be denied and dismissed with prejudice.

## IV. NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to this report and recommendation must serve and file written objections within 14 days after being served with a copy unless the time period is modified by the District Court. A party filing objections must specifically identify those findings, conclusions, and recommendations to which objections are being made; the District Court need not consider frivolous, conclusive, or general objections. Such party must file the objections with the Clerk of the Court and serve the objections on all other parties. A party's failure to file such objections to the proposed findings, conclusions, and recommendation contained in this report will bar that party from a de novo determination by the District Court. Additionally, a party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in this report within 14 days after being served with a copy will bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that the district court has accepted and for which there is no written objection. *See Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1430 (5th Cir. 1996); *see also* Fed. R. Civ. P. 72(b) advisory committee's note (1983) ("When no

timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

**SIGNED**, this the 20th day of May 2024.

*s/ Bradley W. Rath*
BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE