IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

CHAD EVERETTE EASLEY                                              PETITIONER

V.                                     CIVIL ACTION NO. 5:23-cv-53-DCB-BWR

WARDEN HERBERT YOUNG                                              RESPONDENT

<u>ORDER</u>

This MATTER is before the Court on Magistrate Judge Rath's Report and Recommendation ("Report") [ECF No. 18], concerning Chad Everette Easley ("Petitioner")'s petition for writ of habeas corpus relief under 28 U.S.C. § 2241 and Warden Herbert Young ("Respondent")'s Motion to Dismiss [ECF No. 9] at Supplement to Motion to Dismiss [ECF No. 17]. The Report was entered on May 20, 2024, and objections to it were due by June 3, 2024. Neither party has filed an objection, and the time to do so has elapsed.

Judge Rath provides the following background on Petitioner's habeas petition:

> [Petitioner] raise[s] four Grounds in the Petition. He challenge[s] an arresting officer's affidavit (Ground One), the amount of his bond (Ground Two), the length of his pre-indictment detention (Ground Three), and his medical care during pretrial detention (Ground Four). [ECF No. 1] at 6-7. [Petitioner] request[s] that the

1

Court "reduce [his] bond or release [him] on his personal recognizance" and dismiss his charges. Id. at 7.

[ECF No. 18] at 1-2.

After considering Respondent's Motion to Dismiss [ECF No. 9] and Supplement to Motion to Dismiss [ECF No. 17], the record, and relevant legal authority, Judge Rath entered this Report and recommends that the Habeas Petition be dismissed with prejudice. [ECF No. 18]. Specifically, Judge Rath shows that Grounds One, Two, and Three are dismissed as moot because (1) Petitioner pleaded guilty to the charge for which he was detained; (2) Petition was no longer a pretrial detainee subject to pretrial bond; and (3) Petitioner was indicted and convicted after filing his Habeas Petition. [ECF No. 18] at 3. The Magistrate Judge further submits that Ground Four is dismissed because it fails to state a claim upon which relief can be granted under § 2241. [ECF No. 20] at 3.

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of it. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Where there are no objections, the Court applies the "clearly erroneous, abuse of discretion and contrary to law"

2

standard of review to the Report. <u>United States v. Wilson</u>, 864 F.2d 1219, 1221 (5th Cir. 1989).

Accordingly, the Court agrees with Judge Rath's recommendation. The Report [ECF No. 18] is hereby ADOPTED and Petitioner's claims against Respondent are DISMISSED WITH PREJUDICE.

A Final Judgment shall be entered of even date herewith pursuant to Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED, this 1st day of August, 2024.

/s/ David Bramlette<br>
DAVID C. BRAMLETTE III<br>
UNITED STATES DISTRICT JUDGE